# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JESSICA KINMAN, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br> )<br>HENDERSON OPERATING GROUP LLC )<br>d/b/a HENDERSON HEALTH & )<br>REHABILITATION CENTER, )<br> )<br>    Defendant. ) | No. 2:25-cv-02517-SHL-tmp |

**ORDER GRANTING MOTION TO TRANSFER CASE TO EASTERN DIVISION**

Before the Court is Defendant Henderson Operating Group LLC d/b/a Henderson Health & Rehabilitation Center's ("Henderson") Motion to Transfer Case to Eastern Division, filed September 10, 2025. (ECF No. 21.) In the Motion, Henderson requests that the Court transfer this matter to the Eastern Division to be tried in Jackson, Tennessee, as Plaintiff Jessica Kinman resides there, Henderson is headquartered there, and all of the events in Kinman's complaint took place there. (ECF No. 21-1 at PageID 63–64.) Although Henderson indicated in its Motion that Plaintiff opposed the transfer, Kinman responded on September 15, 2025, and indicated that it was her "belief that this case was properly filed in and assigned to the Eastern Division, and that at the scheduling conference, all parties agreed that the case should be tried in Jackson." (ECF No. 22 at PageID 67.) She asserted that if the "case is not already assigned to the Eastern Division, Plaintiff does not oppose Defendant's Motion to transfer the case and for the case to be tried in Jackson." (Id.)

At the August 21, 2025 Scheduling Conference, the Parties agreed that this matter would be more appropriately heard in the Eastern Division. The undersigned subsequently determined

that a clerical error resulted in the Clerk's office assigning the matter to the wrong division. Under the Local Rules, if an action is filed in an improper division, "the Court shall transfer the action to a proper division upon motion of a party. The Court also may, in its discretion, transfer the action to another division for the convenience of the Court, parties, witnesses, or in the interest of justice." LR 3.3(c).

Here, given Henderson's Motion, as well as in the interest of convenience, the Motion is **GRANTED**. The matter shall be transferred to the Western District of Tennessee's Eastern Division. Henderson's Motion does not request that the matter be transferred to a different judge. However, given the transfer, and in the interests of judicial economy, the matter shall also be re-assigned to a judge within the Eastern Division.

**IT IS SO ORDERED,** this 16th day of September, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
CHIEF UNITED STATES DISTRICT JUDGE